**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

JAMES C. JONES                                                                  PETITIONER

V.                                                           NO. 3:09CV052-P-D

STATE OF MISSISSIPPI, et al.                                            RESPONDENTS

**MEMORANDUM OPINION**

       This cause comes before the court on the petition of James C. Jones, inmate number 34803, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that the Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

       Jones pled guilty to burglary, as an habitual offender, and two counts of possession of a firearm by a felon, in the Circuit Court of Lafayette County. On April 7, 2004, Jones was sentenced to seven years for the burglary and three years on each firearm charge to be served consecutively to each other and consecutively to the burglary sentence. Since he pled guilty, Jones did not pursue an appeal.[1] He, instead, filed a petition for post-conviction relief[2] in the trial court on September 14, 2004. The trial court denied his petition on October 22, 2004. Jones also filed a "Motion for Out of Time Appeal" on November 30, 2004. The trial court treated this as a petition for post-conviction relief. The petition was denied on the merits on December 15, 2004. Aggrieved by that decision, on December 21, 2004, Jones filed a pleading titled "Motion for Appeal for a Free copy of Guilty Plea Petition and Records" in the Supreme Court. The motion was denied on January 11, 2005. Next, Jones filed a "Motion for Record and Transcripts and Motion for Post-Conviction Relief" in

---

    [1] In Mississippi, there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. Rather, a defendant may only pursue an appeal within thirty days of the guilty plea alleging that the sentence imposed is illegal. Miss. R. App. P. 4(a); *Lett v. State*, 965 So. 2d 1066, 1070 (Miss. 2007).

    [2] The filing was actually titled "Motion to Receive Records and Transcripts." The trial court appears to have treated this as a petition for post-conviction relief.

the trial court on January 19, 2005. Jones' motion was denied as a successive petition on March 14, 2005. Jones filed this, his federal habeas petition, on May 13, 2009.

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Since no direct appeal was taken, Jones' conviction and sentence became final thirty days after judgment was entered. Jones' conviction, thus, became final on May 7, 2004, the date on which his time for seeking further review in state court expired. *Roberts v. Cockrell*, 319 F.3d 690,

693 (5th Cir. 2003). Jones, therefore, had one-year or until May 9, 2005[3], to seek federal review of his judgment or "properly file" an application for post-conviction relief in state court to toll the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2).

A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.* The period is tolled for the length of time the motion is pending. *Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008).

As noted *supra*, Jones filed several pleadings in State Court. It is doubtful that any of them could be considered "properly filed" within the meaning of the AEDPA. Nevertheless, the court will afford Jones the benefit of all doubt. On September 14, 2004, Jones filed a motion in the trial court. The trial court denied the motion on October 22, 2004. Assuming this was a proper petition for post-conviction relief, the statute of limitations would be tolled for 38 days–the length of time the petition was pending. Jones next filing was on November 30, 2004. The trial court treated this as a petition for post-conviction relief. The petition was denied on the merits on December 15, 2004, thus entitling Jones to an additional 15 days. Aggrieved by that decision, on December 21, 2004, Jones filed a pleading titled "Motion for Appeal for a Free copy of Guilty Plea Petition and Records" in the Supreme Court. The motion was denied on January 11, 2005, again allowing Jones another 21 days. Finally, Jones filed a "Motion for Record and Transcripts and Motion for Post-Conviction Relief" in the trial court on January 19, 2005. Jones' motion was denied as a successive petition on March 14, 2005. The court will generously allow the statute to be tolled another 54 days. As a result, Jones' federal habeas petition should have been filed on or before September 14, 2005 (May 9, 2005, plus 128 days). Jones filed this, his federal habeas petition, on May 13, 2009.

Plainly stated, Jones had until September 14, 2005, to seek federal habeas relief. Jones, however, did not file this petition until May 13, 2009, when he presumably delivered it to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is

---

[3] May 7, 2005, was a Saturday. *See* Fed. R. Civ. P. 6(a).

applicable to pro se prisoners). His petition was, thus, filed 1337 days beyond the expiration of the one-year limitations period.

The petition is untimely unless the Petitioner can demonstrate that the one-year limitations period should be tolled under § 2244(d)(1)(B)-(D). A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). Equitable tolling will not be applied when the applicant failed to diligently pursue his rights. *Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007). Ignorance of the law even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Larry v. Dretke*, 361 F.3d 890, 869-97 (5th Cir. 2004).

In an attempt to avoid the preclusive effect of the limitations period, Jones claims that he was frequently transferred between facilities which hindered his ability to meet the deadline. He further claims that ILAP (inmate legal assistance program) did not have knowledge of the AEDPA and that he was denied access to the library.

First, it should be noted that Jones' numerous pleadings in state court belie the assertion that he was denied access to ILAP and the library. Although most of the pleadings were filed incorrectly or untimely, they actually discredit his claim that he was denied assistance. Assuming, however, that Jones' arguments are true–that he was denied access to ILAP and the library– he cannot show that he was diligent in pursuing his rights. He was sentenced in April of 2004. As noted above, he filed a flurry of pleadings in state court through 2006. From 2006 until May of 2009 when his federal petition was filed in this court, Jones made almost no effort to preserve his rights in the state courts.[4] His delay in this regard is the antitheses of diligent. The In any event, Jones has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider

---

[4] Jones did file several motions in state court, the last being approximately July 18, 2007. None of these filings can be considered properly filed or would otherwise suffice to warrant statutory tolling. Jones attempted to renew his efforts in state court in May of 2009–well after the statute of limitations had expired.

his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. Consequently, the petition must be dismissed with prejudice

A final judgment in accordance with this opinion will be entered.

THIS the 27th day of August, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE